KXT LAW, LLP
Karineh Khachatourian (SBN 202634)
karinehk@kxtlaw.com
Rachael C. Chan (SBN 265002)
rachael@kxtlaw.com
Oren J. Torten (SBN 332720)
oren@kxtlaw.com
1775 Woodside Road, Suite 204
Redwood City, California 94061
Telephone: 650-239-0420
Facsimile: 650-249-5013

Attorneys for SCRIBD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In Re 17 U.S.C. § 512(h) Subpoena to<br><br>SCRIBD, INC. | Case No. 3:23-mc-80309-KAW<br><br>**SUPPLEMENTAL DECLARATION OF JASON BENTLEY PURSUANT TO ECF 19.** |

1  I, Jason Bentley, declare as follows:

2  1. I am the Compliance Manager (Copyright/Abuse/Privacy) at Scribd, Inc. ("Scribd"). I submit this declaration pursuant to the Court's order (ECF 19), which I have reviewed. I have personal knowledge of the matters set forth herein except as to those matters set forth on information and belief, and as to those I am informed and believe them to be true and could and would competently testify thereto. In making this declaration, it is not my intention, nor the intention of Scribd, to waive the attorney-client privilege, the attorney-work product immunity, or any other applicable privilege.

2. This declaration supplements my declaration filed on March 1, 2024. ECF 14-1. In Paragraph 1 of my initial declaration, I generally describe my background. In my role, I have been responsible for responding to subpoenas seeking user-identifying information for over 14 years. During this period, I have been responsible for responding to hundreds of subpoenas issued in connection with civil litigation, criminal proceedings, and government investigations.

In response to the Court's order, I re-reviewed my filed initial declaration and API's subpoena in order to provide the Court with additional information concerning the approximately 623 users whom I could not locate in Scribd's user database based on the information provided by API, and therefore could not produce associated responsive user-identifying information. API's subpoena provided a Username for each identified user but only provided a User ID for some of them. User ID is a unique identifying tag, which is only associated with one user account in Scribd's user database. Username is a user-generated tag, which is not unique and can be associated with an unlimited number of accounts in Scribd's user database. For example, on Page 78, the subpoena identifies users by Usernames "Ashley" and "Azeem," and on Page 81 "Diego," but does not provide User ID numbers associated with any of those users. "Ashley," "Diego," and "Azeem" are not unique identifiers and are good examples of the type of Username that would be associated with multiple users, given how common those names are globally. I re-ran my manual search in Scribd's user database and confirmed that Username "Ashley" is associated with approximately 300 accounts, and Username "Azeem" is associated with approximately 200 accounts. Additionally, Username "Diego" is associated with over 30 accounts, and API's subpoena even

1

identifies a separate "Diego" on Page 40 associated with User ID 315370870.

3. In response to the Court's order (ECF 19), I conducted searches for a limited set of identified Usernames which I could not previously locate identifying information for because either the internal user database search tool indicated that no users utilized that Username or there were a high volume of responsive users associated with the Username so it was impossible to determine which user API was seeking information about, and was still unable to locate identifying information associated with those Usernames.

4. To provide more context to the statements made in my original declaration, (ECF 14-1) when conducting my initial search, I first divided the list of users into two separate lists: a list of users who API provided User ID for ("User ID Group"), and a list of users who API only provided Usernames for ("Username Group"). This is because we could use technical tools to easily search for users by User ID, but it would require a manual process to try and identify users by Username.

5. For the User ID Group, I instructed our engineering team to take the list and use technological means to collect all relevant identifying information concerning those accounts stored in Scribd's user database. There is no other location where relevant and responsive material would be stored. To the best of my knowledge and belief, the engineering team provided me with all relevant and responsive identifying information they could locate concerning users in the User ID Group.

6. For the Username Group, I manually searched for each identified user by utilizing an internal user database search tool and copy/pasting each identified Username into the associated search bar. For some Username Group accounts, where the user database search tool only identified one user as connected to a Username, I would have collected all relevant identifying information. For the majority of the Username Group accounts, the user database search tool indicated that there were no users who utilized that Username. As such, I could not collect or provide identifying information associated with those users, and, to the best of my knowledge and belief, performing a full supplemental search would not change that result. For a minority of the Username Group accounts, multiple users were identified in response to the query

1  because, as stated above, the Username field is not a unique identifying field. For example, as
2  discussed above, Username "Ashley" is associated with approximately 300 accounts, and
3  Username "Azeem" is associated with approximately 200 accounts. Therefore, it was impossible
4  to determine which user accounts and their associated identifying information were responsive to
5  the subpoena, so I could not collect or provide identifying information associated with those users
6  because providing identifying information for accounts not associated with users accused of
7  infringement would (1) go beyond the information requested by the subpoena, and (2)
8  unreasonably invade the privacy and anonymity of users who are not alleged to have infringed,
9  which I understand the DMCA does not require.
10         7.      I also understand that Scribd's outside counsel asked API to provide further
11  information concerning accounts that Scribd could not connect to a user because User ID was not
12  provided, such as screenshots from webpages affiliated with those users. To the best of my
13  knowledge, API has not provided further information as of the date of this declaration and even if
14  they had, I am not sure it would change Scribd's ability to determine responsiveness without also
15  providing associated User IDs. This is a typical issue that occurs when third parties seek user
16  information from Scribd, but only provide Scribd with Usernames. To the best of my knowledge
17  and belief, without additional information, performing a full supplemental search would not
18  change this result.
19         8.      Scribd also does not maintain in its possession any of the financial information
20  requested in API's subpoena (as I stated in Paragraph 5 of my initial declaration) and therefore,
21  supplemental searches would not yield any responsive information. This should be known to API,
22  since it is stated on Scribd's public website. See https://support.scribd.com/hc/en-
23  us/articles/210134006-Payment-
24  methods#:~:text=Your%20payment%20information%20is%20only,and%20requires%20the
25  %20utmost%20care.
26         //
27         //
28         //

3
SUPP'L DECL OF JASON BENTLEY PURSUANT TO ECF 19- CASE NO. 3:23-MC-80309-KAW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 3rd day of April, 2024, at San Francisco, California.

Jason Bentley (Apr 3, 2024 12:52 PDT)
Jason Bentley